IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                ORDER

      v.                                  19-cr-87-wmc-2

TONYIEL PARTEE,

                Defendant.

---

A hearing on the probation office's petition for judicial review of Tonyiel Partee's supervised release was held on December 5, 2023, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Chadwick Elgersma. Defendant was present in person and by counsel Jeffrey Nichols. Also present was Senior U.S. Probation Officer Alyssa Brody.

FACTS

From the record, I make the following findings of fact. Defendant was sentenced in the Western District of Wisconsin on October 7, 2021, following her conviction for conspiracy to commit sex trafficking in violation of 18 U.S.C. §§ 1591(c) and 1594(c), a Class A felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 36 months, with a 5-year term of supervised release to follow. On February 24, 2022, following the government's motion for reduction of sentence under Rule 35(b), however, defendant's sentence was amended to a time served sentence as of April 23, 2022, with a 5-year term of supervised release to follow. Per court order, defendant began her term of supervised release on April 26, 2022, when she was released to begin her public law placement at Rock Valley

Community Programs, Inc. ("RVCP") in Janesville, Wisconsin. However, defendant repeatedly violated Standard Condition No. 5, which requires her not to possess or use a controlled substance to include any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician. Specifically, defendant submitted urine specimens that tested positive for marijuana on November 18, 2022, then again on January 5, January 24, February 24, March 28, June 6, and September 19, 2023. For each of these positive drug tests, defendant admitted to purchasing and using THC and CBD products from smoke shops. Since that time, she has also admitted to continued purchases and use of THC and CBD products from smoke shops. Finally, although ostensibly using marijuana for anxiety, stress and physical pain, she did not and does not have a valid prescription from a physician to use these products.

Defendant next violated Standard Condition No. 4, which requires her to notify the supervising probation officer within seventy-two hours of any change in employment, when on August 25, 2023, defendant informed her supervising officer for the first time that she was unemployed after quitting her job a full week earlier. Defendant also advised that going forward she would not be complying with the probation office's directions.

Consistent with this threat, defendant next violated Special Condition No. 19, which requires her to participate in an outpatient sex offender counseling program, including the continued use of polygraph examinations, when on September 19, 2023, defendant refused to participate in a scheduled maintenance polygraph examination.

Defendant further violated Special Condition No. 20, which requires her to notify her supervising probation officer in advance of any devices associated with or falling within the general category of information technology, when on September 19, 2023, defendant admitted to using a computer at the Janesville Public Library in Janesville on two prior occasions. On one

2

occasion, she reported she was updating her resume; on the second occasion, she completed and printed documents to assist in re-establishing her health insurance. Similarly, defendant violated Standard Condition No. 2, which requires her to report as directed by the supervising probation officer, when on October 3, 2023, she failed to report to the probation office as instructed.

Finally, defendant violated her financial condition that required her to pay a mandatory $100 criminal assessment fee. She has also made *no* payment toward this mandatory fee despite her agreement to do so at or before sentencing, as reflected in the plea agreement she signed on June 28, 2021.

## CONCLUSIONS

Defendant's violations warrant revocation. In particular, defendant's unwillingness to cooperate fully with the probation office and her refusal to comply with the straightforward expectations set by this court demonstrates a blatant disregard for the terms and conditions of supervision, as does her recent letter to this court (dkt. #359-1). Nevertheless, in light of the representations by the defendant that she will abide by the terms and conditions of her current supervision, in open court today, I am willing to hold this matter open for 90 days to give defendant a chance to do so.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on February 24, 2022, is CONTINUED for 90 days to give defendant an opportunity to return to full compliance. Failing that, another hearing will be held March 7, 2024, at 1:00 p.m., to further consider the pending petition for judicial review. The court will hold the petition for judicial review open for 90 days. All conditions of supervised release are also CONTINUED. Any

further violation of defendant's conditions of supervision should be immediately brought to the court's attention and may result in the acceleration of the hearing on the pending petition.

Entered this 5th day of December, 2023.

BY THE COURT:

WILLIAM M. CONLEY
District Judge